Filed 6/22/16  P. v. Sevior CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHANN SEVIOR,<br><br>    Defendant and Appellant. | B266100<br>(Los Angeles County<br>Super. Ct. No.  5PH04344-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Lisa M. Sciandra, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Shann Sevior challenges an order revoking his parole, contending there is insufficient evidence to support the trial court's finding that he had engaged in criminal conduct. We affirm.

## RELEVANT FACTUAL AND
## PROCEDURAL BACKGROUND

In 1989, appellant suffered a conviction for first degree murder (Pen. Code, § 187), and was sentenced to a prison term of 27 years to life. In February 2014, he was released on parole under the supervision of the Division of Adult Parole Operations (Division) of the California Department of Corrections and Rehabilitations (DCR). Among the conditions imposed on his parole was the requirement that he "not engage in conduct prohibited by law (state, federal, county, or municipal)."

On June 10, 2015, the Division filed a petition for the revocation of appellant's parole, charging that appellant had engaged in domestic violence (Pen. Code, § 273.5) and absconded parole supervision. The petition alleged the following facts: On April 19, 2015, shortly after midnight, Orange County Sheriff's Department deputy sheriffs responded to a disturbance call relating to a residence in Anaheim. Upon arriving, they talked to Erika Logan, who identified herself as appellant's girlfriend. Logan said that she was asleep in her room when she heard appellant yell, "Who is this?" She followed appellant outside her residence, where she saw Christopher Cooper, her daughter's boyfriend, standing near Cooper's parked car. Logan realized that appellant was angry at Cooper because his car was blocking the driveway, and believed that appellant intended to assault Cooper. Logan tried to restrain appellant, who pushed her away, and then pushed Cooper's face back with his hands. In an effort to separate appellant from

Cooper, Logan placed herself between them, and told Cooper to run away. When appellant followed Cooper, Logan tried to hold him back, but he pushed her to the ground, causing her to scrape her right elbow, bruise her left knee, and experience soreness in her left hip. Appellant then left Logan's residence.

At the probable cause hearing, prior to the presentation of evidence, the prosecutor stated that the key parole condition violation alleged in the petition was "really criminal conduct." After the presentation of evidence, the trial court determined that appellant had adequate notice that the "actual violation" charged against him related to "the term and condition not to commit criminal conduct." The court found sufficient evidence to support that charge, and dismissed the absconding charge. Regarding the pending parole revocation hearing, the court stated: "[I]f the People show by a preponderance of the evidence that there was criminal conduct related to either . . . Cooper or . . . Logan[,] . . . the court would be finding that [appellant] was in violation of the terms and conditions of his parole."

On July 15, 2015, following a contested parole revocation hearing, the trial court found that appellant had violated his parole conditions by engaging in criminal conduct. After revoking appellant's parole, the court remanded him to the custody of the DCR and the jurisdiction of the Board of Parole Hearings for future parole consideration. This appeal followed.

## FACTS

A. *Prosecution Evidence*

Erika Logan testified that at the time of the parole revocation hearing, she and appellant had been in a relationship for approximately seven years. On April

3

19, 2015, she lived in Anaheim with her children. According to Logan, appellant did not live with her.

Logan provided the following version of the underlying events: On April 19, at approximately midnight, appellant woke her and asked, "Whose car is parked out there?" She followed appellant outside the house, where he asked Cooper to move his car. Logan stated that appellant never raised his voice, engaged in an altercation with Cooper, or pushed her. According to Logan, during the incident, she accidently tripped and fell to the ground. She denied calling the police or making any statement to deputy sheriffs that night suggesting that the incident involved an altercation.

Following Logan's testimony, the prosecution presented as witnesses Orange County Sheriff's Department Deputy Sheriff Alonzo Alvarez and DCR Parole Agent Troy Milton. Alvarez testified that he talked to Logan on April 19, 2015. Logan told him that after appellant became upset regarding a "parking issue," he tried to push Cooper's face with his hands. Logan saw the potential fight, and attempted to separate appellant from Cooper. She restrained appellant, who pushed her away, causing her to fall and suffer injuries. Alvarez saw a scrape on Logan's right elbow and a bruise on her left knee. In addition, Logan told Alvarez that she felt a soreness in her left hip.

Parole Agent Milton testified that after the deputy sheriffs prepared their report regarding the April 19 incident, he interviewed Logan, who said that there had been a "heated confrontation" between appellant and Cooper. She otherwise denied that appellant pushed her, and attributed her injuries to an accidental fall.

4

B. *Appellant's Evidence*

Logan denied telling Deputy Sheriff Alvarez that her injuries resulted from a push by appellant. She testified that Alvarez repeatedly coaxed her to characterize the incident as domestic violence, and told her he "was . . . going to see to it that [appellant] goes away for a long time." According to Logan, the day after the incident, she informed Alvarez that she did not want to "prosecut[e] it."

Appellant testified that on the night of the incident, he drove to Logan's home. Upon finding a car blocking access to Logan's garage, appellant entered the house and discovered that the car belonged to Cooper, who agreed to move it. After awakening Logan, appellant returned to the house's driveway, where Cooper told him that he could not move his car because appellant's car was blocking it. When appellant disagreed, they "had a few words" not rising to a verbal altercation. During the incident, Logan accidently fell. According to appellant, he engaged in no physical altercation with Cooper, and never pushed Logan.

## DISCUSSION

Appellant contends there is insufficient evidence to support the trial court's finding that he violated his parole conditions by engaging in criminal conduct. As explained below, we disagree.

Parole revocation determinations are subject to proof by the preponderance of the evidence. (Pen. Code, § 3044, subd. (a)(5).) Generally, such determinations are subject to review for the existence of substantial evidence. (See *People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681.) We will imply any findings sufficient to sustain the determination, and examine the record for

substantial evidence to support those findings. (*People v. Andary* (1953) 120 Cal.App.2d 675, 680.)[1]

Under the "substantial evidence" standard, the testimony of a single witness ordinarily suffices to uphold a judgment "even if it is contradicted by other evidence, inconsistent or false as to other portions. [Citations.]" (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 366.) The circumstances in which an appellate court may properly decline to credit testimony are exceptional and rare. (*People v. Ennis* (2010) 190 Cal.App.4th 721, 728-732.) "'Testimony may be rejected only when it is inherently improbable or incredible, i.e., "'unbelievable per se,'" physically impossible or "'wholly unacceptable to reasonable minds.'"' [Citation.]" (*Id.* at p. 729, quoting *Oldham v. Kizer* (1991) 235 Cal.App.3d 1046, 1065.)

Here, Deputy Sheriff Alvarez and Parole Agent Milton testified regarding Logan's remarks to them concerning appellant's conduct on April 19, 2015. Under Evidence Code sections 770 and 1235, a witness's prior inconsistent statements may be admitted for impeachment purposes and as substantive evidence, provided the witness is afforded an opportunity to explain them.

---

[1]     On review for substantial evidence, "'we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] Although we must ensure the evidence is reasonable, credible, and of solid value, nonetheless it is the exclusive province of the trial judge . . . to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends. [Citation.] Thus, if the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder. [Citations.]' [Citation.]" (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

(*People v. Brown* (1995) 35 Cal.App.4th 1585, 1596-1597.) Such statements need not have been testimony admitted into evidence at a prior hearing. (*People v. Ochoa* (2001) 26 Cal.4th 398, 445, abrogated on another point in *People v. Prieto* (2003) 30 Cal.4th 226, 263, fn. 14.) When the witness's prior inconsistent statements are properly admitted, the factfinder may credit or reject the version of the pertinent events disclosed by the statements. (*People v. Freeman* (1971) 20 Cal.App.3d 488, 494-495.) On appeal, appellant does not suggest that Alvarez's or Milton's testimony was incorrectly admitted.

The version of the incident reflected in Logan's statements to Deputy Sheriff Alvarez amply supports the trial court's conclusion that appellant engaged in criminal conduct. According to those statements, appellant pushed -- or tried to push -- Cooper's face with his hands. When Logan attempted to restrain appellant, he pushed her to the ground, causing her to suffer injuries. The statements thus support the reasonable inference that appellant engaged in assault or battery on Cooper (Pen. Code, §§ 240, 242), and also committed battery against a person with whom he had a dating relationship, namely, Logan (*id.,* § 243, subd. (e)(1)).[2]

---

[2]     Generally, "[a] battery is any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.) As our Supreme court has explained, "[a]ssault . . . lies on a definitional . . . continuum of conduct that describes its essential relation to battery:  An assault is an incipient or inchoate battery; a battery is a consummated assault. . . .  The criminal law . . . independently sanctions the initiation of force or violence -- the 'assault' -- because it directly and immediately culminates in injury -- the 'battery.' [Citation.]" (*People v. Colantuono* (1994) 7 Cal.4th 206, 216 -217.) Each offense is a general intent crime. (*Id*. at pp. 215- 217.)

Appellant contends there is insufficient evidence to establish the offense initially alleged in the parole revocation petition, namely, infliction of corporal injury on a cohabitant resulting in a traumatic condition (Pen. Code, § 237.5). However, because the petition was effectively amended to charge appellant with a violation of the parole condition prohibiting criminal conduct, his parole was subject to revocation upon a determination that he had engaged in any criminal conduct. As the record discloses substantial evidence to support that determination, appellant's contention fails.

Appellant also contends the determination regarding his criminal conduct fails for want of a specification of the pertinent crimes. We disagree. As noted above, in examining the court's determination for the existence of substantial evidence, we imply findings sufficient to support that determination. Furthermore, the record discloses that the court's attention was directed toward the offenses of assault and battery, as the prosecutor argued that the evidence established those crimes. In sum, the trial court did not err in revoking appellant's parole.

**DISPOSITION**

The order revoking parole is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.

We concur:



EPSTEIN, P. J.



WILLHITE, J.

9